
RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 9/24/08

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

Francis, et al                          Civil Action No. 07-0811

versus                                  Judge Tucker L. Melançon

Lafayette City-Parish                  Magistrate Judge Methvin
Consolidated Gov., et al

## MEMORANDUM RULING

Before the Court is an unopposed Motion for Summary Judgment filed by defendant Lafayette City-Parish Government.[1] [Rec. Doc. 12]. For the following reasons, the defendant's motion will be granted.

### I. Background

Defendants' Statement of Uncontested Material Facts[2], *R. 12-3*, states as follows:

Plaintiff's, Sonterria Francis, a Natural Tutrix of the minor children, Diamond Francis, Devonte Francis and Diamonte Francis, Marion Prejean, as Natural Tutrix of the minor child, Dynasty Prejean, Clementine Joseph, as Natural Tutrix of the minor child, Angel Harmony Joseph, and Natasha Willis, as Natural Tutrix and/or legal guardian of the minor child, Dillion Willis, filed a Complaint seeking damages under 42 U.S.C. §

---

[1] Pursuant to Local Rule 7.5W, the deadline for filing any opposition to the motion was August 15, 2008.

[2] As no opposition was filed, defendants' Statement of Uncontested Facts is admitted. *L.R. 56.2W.*

1

1983 and 1988 against the Lafayette City-Parish Consolidated Government, Jim Kraft, in his official capacity as Chief of Policy for the City of Lafayette, Randy Hundley (former Chief of Police), in his individual capacity, and Officer Raquel Roberts, for alleged violations of the constitutional rights of the decedent, Damien Keith Harmon, in an alleged incident on May 10, 2006. Plaintiffs allege that the force used against the decedent, Damian Keith Harmon, during his arrest was excessive and that the policies, practices, and customs of the Lafayette Police Department condone the use of excessive force in the course of arrest and the use of techniques of arrest which have been proven unsafe and are, or should be, illegal. Plaintiffs also allege state law causes of action for survival and wrongful death under Louisiana Civil Code articles 2315.1 and 1215.2 based on allegations of negligence and battery.

All claims against defendants, Jim Kraft, Randy Hundley and Officer Raquel Roberts were voluntarily dismissed by Court order on December 12, 2007. *R. 6.* The only remaining defendant in this matter is Lafayette City-Parish Consolidated Government.

*II. Summary Judgment Standard*

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air*

*Corp.*, 37 F.3d 1069 (5th Cir.1994)(en banc). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[3] *Id.* at 322-23. Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.*, 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby,*

---

[3] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.*

*Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144. 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson*, 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 97 (5th Cir.1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. Analysis

The fact that there is no opposition to defendant's motion does not necessarily mean defendant should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). However, as previously noted, the failure to file an opposition and statement of contested material facts requires the Court to deem defendant's Statement of Uncontested Material Facts admitted for purposes of this motion. *L. R. 56.2W.*

Lafayette Consolidated Government moves to dismiss plaintiffs' claims against it as plaintiffs cannot prove a valid claim under 42 U.S.C. § 1983 or Louisiana law based on the undisputed facts and the absence of any competent evidence. "It is well

4

established that governmental liability under § 1983 must be premised on a government policy or custom that causes the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A policy may be a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the government's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority. *Burge v. St. Tammany Parish*, 336 F.3d 363, 369 (5th Cir.2003). A custom is shown by evidence of a persistent, widespread practice of government officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents government policy. *Id.*" *Gates v. Texas Dept. of Protective and Regulatory Services*, 537 F.3d 404, 436 (5th Cir.,2008). Here, plaintiffs allege that Lafayette City-Parish Consolidated Government failed to adequately train, supervise, monitor and discipline police officers in the use of force and the need for and manner in which to observe and evaluate arrestees to identify serious needs for medical treatment and that such failure amounts to a policy or custom.

The Supreme Court has established two fundamental requirements for holding a city liable under § 1983 for inadequate training policies: culpability and causation. First, the municipal policy must have been adopted with "deliberate indifference" to its known or obvious consequences. Second, the municipality must be the "moving force" behind the constitutional violation. *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998).

5

With respect to plaintiffs' claim of inadequate training, plaintiffs must show that "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy makers [in this case] can reasonably be said to have been deliberately indifferent to the need." *City of Canton*, 489 U.S. 378, 390 (1989). "To succeed on a claim of failure to train or supervise, the plaintiff must demonstrate deliberate indifference, which usually requires a plaintiff to "demonstrate a pattern of violations.... proof of a single violent incident ordinarily is insufficient for liability." *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005).

In this case, the record before the Court contains no evidence that Lafayette City-Parish Consolidated Government officially adopted and promulgated inadequate training/supervision policies or that its policies allow the unlawful arrest, use of excessive force and/or denial of medical care to someone who is shown to be in need of such care. Nor is there any evidence in the record that shows there existed any custom that would subject Lafayette City-Parish Consolidated Government to liability under 42 U.S.C. § 1983.

Although 28 U.S.C. § 1367 confers supplemental jurisdiction over plaintiffs' state law claims, the assertion of supplemental jurisdiction may be declined if all claims over which the Court has original jurisdiction are dismissed. 28 U.S.C. § 1367(3). "When a

6

court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims. However, the dismissal of the pendent claims should expressly be without prejudice so that the plaintiff may re-file his claims in the appropriate state court." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999). "The Supreme Court in *United Mine Workers of America v. Gibbs*, emphasized that '[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law.'" *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993)(citation omitted). Because plaintiffs' federal claims will be dismissed by this ruling, the Court will not have original jurisdiction over their remaining state law claims. Accordingly, the Court will dismiss plaintiffs' state law claims without prejudice.